# IN THE COURT OF APPEALS OF IOWA

No. 19-1190
Filed September 11, 2019

**IN THE INTEREST OF A.C., I.C., and A.C.,**
**Minor Children,**

**S.T., Mother,**
　　　Appellant.

_____

Appeal from the Iowa District Court for Marion County, Steven Guiter, District Associate Judge.

The mother appeals the termination of her parental rights to three of her children. **AFFIRMED.**

Bryan Webber of Carr Law Office, P.L.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Tamara Knight of Knight Law, Greenfield, guardian ad litem for minor children.

Considered by Potterfield, P.J., and Tabor and Greer, JJ.

**POTTERFIELD, Presiding Judge.**

The mother appeals the termination of her parental rights to three of her children,[1] who are all age three or younger.[2]  The juvenile court terminated the mother's parental rights to each child pursuant to Iowa Code section 232.116(1)(e) and (h), citing the mother's unresolved use of methamphetamine, housing instability, and issues involving mental health.  On appeal, the mother claims there is insufficient evidence to support the statutory grounds for termination and, in the alternative, asks for an extension of time to work toward reunification.

We review termination proceedings de novo.  *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018).  In our review, our fundamental concern is the best interests of the children at issue.  *Id.*

"On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence."  *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).  Here, we choose to review the evidence supporting termination under paragraph (h), which allows the court to terminate when each of the following is proved by clear and convincing evidence:

(1) The child is three years of age or younger.

---

[1] The mother has a fourth child, who was sixteen when the Iowa Department of Human Services (DHS) became involved with the family in May 2018.  She was also removed from the mother's care and, at the time of the termination hearing, remained outside of the mother's custody, but the State did not pursue termination of the mother's rights as to the fourth child.  Because this fourth child is not at issue, any reference to the "oldest" child is a reference to three-year-old A.C.

[2] The parental rights of the father of the two oldest children at issue were also terminated.  He filed a timely notice of appeal but failed to file a petition on appeal within fifteen days.  *See* Iowa R. App. P. 6.201(1)(b).  Upon its own motion, our supreme court dismissed the father's appeal.  *See* Iowa R. App. P. 6.201(3).

The youngest child's father was unknown at the time of the termination hearing; the parental rights of any putative father were terminated pursuant to Iowa Code section 232.116(1)(b) (2019).  No father of the youngest child appeals.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother disputes only the final element—whether the children could be returned to her care at the time of the termination hearing. *See id.* (defining "at the present time" as at the time of the termination hearing).

The oldest two children were removed from the mother's care in May 2018 after the mother assaulted the maternal grandmother and, after being arrested for domestic abuse assault, tested positive for methamphetamine. The youngest child was born a few months later and tested positive for methamphetamine and amphetamines. The mother was not tested but admitted she would test positive for methamphetamine, and the youngest child was removed from the mother's care only a few days after birth. The mother also tested positive for methamphetamine on April 29, 2019—a little over one month before the termination hearing. During the pendency of the case, the mother undertook at least one substance-abuse evaluation that recommended inpatient treatment. At the time of the termination hearing, the mother's counsel indicated the mother was still waiting to be admitted to residential treatment. Based on the record before us, there is no evidence the mother's use of methamphetamine is in the past.

The mother has not addressed her substance abuse or consistently engaged in therapy. The mother's history, as reported by her teenage child, involves the mother reacting to conflict with violence—including the mother holding

a razor blade to the neck of one paramour and hitting another paramour's knee with a meat cleaver. The mother has taken little action to address her violent or aggressive responses. According to the social worker, the family had largely the same needs at the time of the termination hearing as they had when DHS got involved; our review of the record supports this assertion. Because returning the children to the mother's care would put them at risk of further adjudicatory harm, we agree with the juvenile court that the grounds for termination pursuant to paragraph (h) have been met. *See In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992) ("[A] child cannot be returned to the parent under Iowa Code section 232.102 if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication.").

In the alternative, the mother maintains she should be given an extension of time to work toward reunification. *See* Iowa Code § 232.104(2)(b). The mother couches her claim in constitutional terms, arguing the juvenile court's denial of her request for additional time violated her rights to due process and equal protection. But the mother did not raise the constitutional claims before the juvenile court, so they are not preserved. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in the trial court applies to . . . termination of parental rights cases."); *In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal."). Insofar as we consider her request for additional time pursuant to the statute, we cannot say the children could be returned to the mother's care in six months. *See* Iowa Code § 232.104(2)(b). The mother had yet to begin residential treatment to address her

ongoing use of methamphetamine. Additionally, the social worker for the family testified her records showed the mother had attended only a couple sessions with a mental-health therapist in the several months leading up to the termination hearing. The mother cross-examined the social worker, implying the worker's records were not up to date and that the mother had actually attended more sessions. But the mother did not testify or put on any evidence of her own to establish that she was more dedicated to meeting her mental-health needs than the social worker's testimony showed. Without more progress in being able to parent the children safely, granting the mother's request for an extension is unwarranted.

For these reasons, we affirm the termination of the mother's parental rights to these children.

**AFFIRMED.**